■ In the Matter of the Claim of MARY LODGE, Respondent, v. JUST ONE BREAK, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board discharging the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen's Compensation Law. On October 7, 1965 claimant while working slipped and fell, fracturing her hip. Claimant's rights to compensation benefits are not controverted; the sole question being

the board's discharge of the Special Disability Fund from reimbursement liability on the finding of a lack of prior physical impairment. Liability lies on the part of the Special Fund "if it is established that (1) there was a permanent physical impairment of the employee; (2) the employer's hiring or retention of the employee was with knowledge of this impairment; (3) and in spite of this impairment, which must be a substantial hindrance to employment (although not necessarily to the duties performed); and (4) a greater injury than that which would be suffered by a person without such impairment was suffered in the subsequent industrial accident". (*Matter of Domagalski* v. *Victoria's Rest.*, 33 A D 2d 927, 928.) Each case must be decided on its own factual situation and thus the language in *Matter of Adams* v. *Danco Realty* (5 A D 2d 1039, mot. for lv. to app. den. 5 N Y 2d 705) is not necessarily dispositive of this case. Here there is evidence that the employer knew claimant was an active member of Alcoholics Anonymous but there is also testimony that claimant had abstained from alcohol for over 13 years prior to the hearing and medical evidence that after such a prolonged period of abstention her difficulties with alcohol could be considered in essentially a permanent "state of arrest". Moreover, there is no preaccident medical evidence of a diagnosis of chronic alcoholism. Accordingly there is on the instant record a factual issue raised by the conflict of medical testimony and substantial evidence to support the board's determination that the appellants' claim did not meet the requirements of subdivision 8 of section 15 of the Workmen's Compensation Law. The board, therefore, must be upheld. Decision affirmed, with costs to the Special Disability Fund. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.