■ In the Matter of the Claim of RALPH MOSCARELLI, Respondent, v MOSCARELLI FUNERAL HOME et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed September 26, 1975, which discharged the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant, an assistant mortician, had been treated for coronary insufficiency and angina pectoris since 1962 when, in 1969, he suffered a myocardial infarction which the board found to be compensable and for which it awarded him compensation benefits. By subsequent decision, the board further determined that claimant suffered "no materially or substantially greater disability by reason of the myocardial infarction" and, accordingly, it affirmed a referee's discharge of the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen's Compensation Law. On this appeal, we find that the board's discharge of the fund is supported by substantial evidence and must be affirmed. According to Dr. Martin Bloomfield, an expert in cardiovascular diseases who examined claimant on April 25, 1974 and testified for the fund, a disability related to a myocardial infarction would be indicated by symptoms of decreased pump function, i.e., congestive heart failure. At the time of the 1974 examination, however, claimant was under no medication for pump failure and demonstrated none of the symptoms thereof, and, accordingly, Dr. Bloomfield concluded that the 1969 infarction did not materially increase claimant's disability. Although Dr. J. D. Matis, a specialist in cardiology who testified for appellants, reached a contrary conclusion, the resulting conflict in medical testimony merely presented a question of fact for the board, and since Dr. Bloomfield's opinion provides substantial support for the board's determination, said determination must be sustained (Matter of Lodge v Just One Break, 38 AD2d 999). Decision affirmed, with costs to the Special Disability Fund against the employer and its insurance carrier. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.